```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

DSSBW, LLC,

      Plaintiff,

v.                              Case No:  2:24-cv-786-JES-NPM

GREAT LAKES INSURANCE SE,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on DSSBW, LLC's (DSSBW or Plaintiff) Motion to Remand (Doc. #12) filed on September 18, 2024. Great Lakes Insurance SE (Great Lakes or Defendant) filed a Response in Opposition and Motion for Extension of Time to File Notice of Removal (Doc. #20) on October 4, 2024.

On May 23, 2024, Plaintiff filed this first-party property insurance coverage lawsuit against Defendant in state court. On June 11, 2024, Defendant's registered agent was served with the summons, the civil cover sheet, and the Complaint and its exhibits. On August 28, 2024, Defendant filed a Notice of Removal to federal court based on diversity of citizenship jurisdiction. Plaintiff now seeks to remand the case back to state court, arguing that the removal was untimely under to 28 U.S.C. § 1446(b)(1) since Defendant removed the action more than thirty days after being served with the Complaint. (Doc. #12, p. 2.)  Defendant opposes

the request and seeks an extension of time to file a notice of removal. For the reasons set forth below, both motions are denied.

## I.

A defendant may remove a case filed in state court to federal court by filing a notice of removal. 28 U.S.C. § 1446(a). Title 28 U.S.C. § 1446(b) governs the time within which a state court defendant may remove the action to federal court. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999). Section 1446(b) establishes two mutually exclusive thirty-day time periods during which an action can be removed to federal court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060 n.2 (11th Cir. 2010). First, defendant may remove the case to federal court within thirty days of receipt of an initial pleading that facially establishes the jurisdictional requirements of federal court. Id. (quoting 28 U.S.C. § 1446(b)(1)). Second, if the initial pleading does not state a removable case, defendant has thirty days from receipt of "an amended pleading, motion, order, or other paper" from the plaintiff establishing removability to remove the case to federal court. Id. (quoting 28 U.S.C. § 1446(b)(3)).

## II.

"The timeliness of the notice of removal in this case turns on when the thirty-day clock for filing a notice of removal began to run." Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1328 (11th

2

Cir. 2010). The parties dispute when the time period began to run in this case.

Plaintiff contends that the 30-day clock started on June 11, 2024, when Defendant's registered agent was served with the complaint and other papers. (Doc. #12, pp. 2-3.) Defendant admits that its registered agent was served on June 11, but contends that the Court should deny the Motion due to its excusable neglect, retroactively grant Defendant's Motion for Extension of Time to File its Notice of Removal, and accept jurisdiction of this lawsuit. (Doc. #20.)

Defendant avers that excusable neglect occurred "because of a breakdown in the system for routing service of process papers from [Defendant]'s registered agent to [Defendant]," (Doc. #1, p.1), including an employee's inaction upon notification of service. (Doc. #20, p. 6.) The Court finds the argument unpersuasive to establish excusable neglect.

Nonetheless, the Court finds that the thirty-day clock did not start on June 11, 2024, because complete diversity of citizenship could not be discerned from the Complaint. Diversity jurisdiction requires that "the citizenship of all parties must be completely diverse, and the amount in controversy must exceed $75,000." ECB USA, Inc. v. Chubb Ins. Co. of New Jersey, 113 F.4th 1312, 1318 (11th Cir. 2024). Although the amount in controversy pleading requirement is satisfied, complete diversity of

3

citizenship was not shown by the allegations in the Complaint. The Complaint identifies Plaintiff as a limited liability company (Doc. #1-1, p. 1), but does not identify the citizenship of the individual members of the limited liability company. A limited liability company is a citizen of any state of which a **member** is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Therefore, the initial pleading did not facially establish the requisite jurisdictional facts to start the first thirty-day time period.

The second time period opens only upon the presence of three conditions: "(1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007)(quoting 28 U.S.C. § 1446(b)(3)). Compared to the first time period, the second time period requires "a greater level of certainty or that the facts supporting removability be stated unequivocally." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 760 (11th Cir. 2010) (quoting Bosky v. Kroger Tex., LP, 288 F.3d 208, 211 (5th Cir. 2002)).

Defendant erroneously relied on an email from Plaintiff to assert complete diversity of citizenship. In the email, Defendant asks for the citizenship information of one of Plaintiff's members,

4

adding that "[i]f you don't have the information or you aren't able to obtain it, we will allege [his] citizenship on information and belief." (Doc. #1-7, p. 1.) Plaintiff responded that he did not know the member's citizenship. See id. Defendant, having been "unable to determine the citizenship of Plaintiff's final member," proceeded to remove based "upon information and belief" that complete diversity existed. (Doc. #1, p. 8.) This was not appropriate.

To satisfy the second time period, removal must be based on "a document containing an 'an unambiguous statement that clearly establishes federal jurisdiction' and that the defendant has received it from the plaintiff or the court." Pretka, 608 F.3d at 763 (quoting Lowery, 483 F.3d at 1213 n.63). The received document must establish jurisdiction on an "unequivocally clear and certain basis" id. (quoting Bosky, 288 F.3d at 211):

> If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

Lowery, 483 F.3d at 1214-15 (internal citation and footnote omitted). Here, Defendant could not have first ascertained from Plaintiff's email that federal jurisdiction existed because the email did not establish the member's citizenship on an

5

unequivocally clear and certain basis. Since complete diversity could not be ascertained from Plaintiff's email, it did not start the second thirty-day clock either.

"Where the pleadings [and other papers] are inadequate, [courts] may review the record to find evidence that diversity jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001). Complete diversity remained undeterminable, at least from the record, until Plaintiff's Rule 7.1 disclosure showed that all of Plaintiff's members are diverse from the Defendant.[1] (See Doc. #15.)  Thus, the record establishes that the requirements for complete diversity are satisfied and there was no § 1446(b) deadline transgression. Therefore, the Court can exercise diversity jurisdiction over this action.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. #12) is **DENIED**.

---

[1] In Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 946 (11th Cir. 2000), the Eleventh Circuit held that "in determining the propriety of removal," a district court "may consider [evidence submitted after the notice of removal is filed], but only to establish the facts present at the time of removal." To the extent that Lowery clashed with this holding, the Eleventh Circuit later clarified that Sierminski controls. Pretka, 608 F.3d at 772. Here, the Rule 7.1 disclosure was filed after the notice of removal. But it is properly considered since it establishes the citizenship of Plaintiff's members at the time of removal.

    2. Defendant's Motion for Extension of Time to File Notice of Removal (Doc. #20) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of October 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record